**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 10 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARIO ARMANDO GONZALEZ-
CASTILLO,

  Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

  Respondent.

No. 10-73297

Agency No. A099-530-531

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 7, 2014[**]

Before:    TASHIMA, GRABER, and IKUTA, Circuit Judges.

  Mario Armando Gonzalez-Castillo, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's decision denying his

application for asylum, withholding of removal, and relief under the Convention

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Substantial evidence supports the BIA's conclusion that the physical and psychological harm Gonzalez-Castillo suffered by being beaten and threatened by a security guard, even considered cumulatively, did not rise to the level of persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) (concluding threats and one beating were not so severe that they compelled a finding of past persecution). Thus, contrary to Gonzalez-Castillo's contention, he is not entitled to a presumption of a well-founded fear of future persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003). Further, substantial evidence supports the BIA's finding that Gonzalez-Castillo failed to establish his fear of future harm was objectively reasonable. *See id.* (possibility of future persecution too speculative). In light of our conclusions, we need not reach Gonzalez-Castillo's contention regarding nexus. Accordingly, Gonzalez-Castillo's asylum claim fails.

Because Gonzalez-Castillo has not established eligibility for asylum, he necessarily cannot meet the more stringent standard for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

10-73297

Finally, substantial evidence also supports the BIA's denial of CAT relief because Gonzalez-Castillo failed to establish that it is more likely than not he will be tortured by or with the consent or acquiescence of a government official if he returns to El Salvador. *See id*. at 1188.

**PETITION FOR REVIEW DENIED.**